**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

---

**CHRISTINE MILLS, RUNAKO BALONDEMU,**
**GERALDINE DUNCAN, PRISCILLA IJEOMAH,**
**LAWRENCE PERRY, WILLIAM ROWLAND,**
**DAVID HUBBARD, CLIFTON KNIGHT,**
**SHARON TAYLOR, and CHARLES MWALIMU,**

                **Plaintiffs,**

        **v.**                                 **1:04-CV-2205**
                                              **(FJS/AK)**

**JAMES HADLEY BILLINGTON, Librarian,**
**Library of Congress,**

                **Defendants.**

---

**APPEARANCES**                            **OF COUNSEL**

**ROSE LEGAL ADVOCATES**           **DAVID L. ROSE, ESQ.**
1726 M Street, NW                 **JOSHUA N. ROSE, ESQ.**
Suite 203                         **EARLENE W. ROSENBERG, ESQ.**
Washington, D.C. 20036
Attorneys for Plaintiffs

**OFFICE OF THE UNITED**        **BEVERLY M. RUSSELL, AUSA**
**STATES ATTORNEY**             **JULIA DOUDS, AUSA**
555 4th Street, NW
Washington, D.C. 20530
Attorneys for Defendant

**SCULLIN, Senior Judge**

### ORDER

Currently before the Court are Defendant's motion to dismiss or, in the alternative, for

summary judgment, *see* Dkt. No. 172, and Defendant's motion to strike the declarations that

Plaintiffs filed in support of their opposition to Defendant's motion to dismiss, *see* Dkt. No. 192.

The Court heard oral argument in support of, and in opposition to, these motions on

March 5, 2013. Consistent with the Court's discussion with counsel at the conclusion of oral argument, the following constitutes the Court's written resolution of these motions. Accordingly, the Court hereby

**ORDERS** that Defendant's motion to dismiss or, in the alternative, for summary judgment is **DENIED** insofar as that motion is based on failure to exhaust administrative remedies; and the Court further

**ORDERS** that Defendant's motion to dismiss or, in the alternative, for summary judgment is **DENIED** insofar as that motion is based on the doctrine of *res judicata*; and the Court further

**ORDERS** that Defendant's motion to dismiss or, in the alternative, for summary judgment is **DENIED without prejudice and with leave to renew** insofar as that motion is based on the doctrine of collateral estoppel. Defendant may renew its motion to dismiss and/or for summary judgment on this ground, if appropriate, in opposition to Plaintiff's motion for class certification; and the Court further

**ORDERS** that Defendant's motion to dismiss or, in the alternative, for summary judgment is **DENIED without prejudice and with leave to renew** insofar as that motion is based on failure to state a claim. Defendant may renew its motion to dismiss and/or for summary judgment on this ground, if appropriate, in opposition to Plaintiffs' motion for class certification; and the Court further

**ORDERS** that Defendant's motion for sanctions, which seeks relief in the form of the dismissal of Plaintiffs' class claims, *see* Dkt. No. 120, and Defendant's motion for leave to file a supplemental memorandum in support of that motion, *see* Dkt. No. 191, are **DENIED**; and the

Court further

**ORDERS** that the pending discovery disputes regarding class discovery, including but not limited to Defendant's motion for a protective order, *see* Dkt. No. 207, Plaintiffs' motion for clarification of Magistrate Judge Kay's May 28, 2010 Order, *see* Dkt. No. 211, and Defendant's motion to strike the declarations that Plaintiffs filed in support of their opposition to Defendant's motion to dismiss or, in the alternative, for summary judgment, *see* Dkt. No. 192, are referred to Magistrate Judge Kay for resolution; and the Court further

**ORDERS** that, within **ten** days of the date on which Magistrate Judge Kay resolves the outstanding class discovery issues, the parties shall complete said discovery; and the Court further

**ORDERS** that, within **forty** days of the date on which Magistrate Judge Kay resolves the outstanding class discovery issues, Plaintiffs shall file their motion for class certification; and the Court further

**ORDERS** that Defendant shall file its opposition to Plaintiffs' motion for class certification within **fourteen** days of the date on which Plaintiffs file their motion for class certification; and the Court further

**ORDERS** that the parties shall not file any further papers either in support of or in opposition to Plaintiffs' motion for class certification.

**IT IS SO ORDERED.**

Dated: March 12, 2013
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge

-3-